[Cite as *State v. Dum*, 2016-Ohio-7286.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
|     Plaintiff-Appellee | |
| -vs- | Case No. CT2015-0065 |
| DAVID M. DUM | |
|     Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2014-0251 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 11, 2016 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| D. MICHAEL HADDOX<br>Prosecuting Attorney<br>Muskingum County, Ohio | DAVID A. SAMS<br>Box 40<br>W. Jefferson, Ohio 43162 |
| By: GERALD V. ANDERSON II<br>Assistant Prosecuting Attorney<br>Muskingum County, Ohio<br>27 North Fifth St., P.O. Box 189<br>Zanesville, Ohio 43702-0189 | |

*Hoffman, P.J.*

{¶1} Defendant-appellant David Dum appeals the December 8, 2015 Sentencing Entry entered by the Muskingum County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE[1]

{¶2} On August 20, 2014, the Muskingum County Grand Jury indicted Appellant on twenty counts involving three minor female victims. K.J.C, dob 03/16/1998; A.E.M, dob 01/14/2000; and K.E.C., dob 01/23/1996. The state later amended the indictment to nolle Count Four, renumbering the subsequent counts. Counts One through Three allege illegal use of a minor in nudity oriented material or performance, in violation of R.C. 2907.23(A)(1), each a second degree felony, as to K.J.C. Counts Four through Twelve allege illegal use of a minor in a nudity oriented material or performance, in violation of R.C. 2907.23(A)(1), each a second degree felony, for Appellant's conduct as to A.E.M. Counts Thirteen through Sixteen allege gross sexual imposition, in violation of R.C. 2907.05(A)(4), each a third degree felony, for Appellant's conduct as to A.E.M. on different dates. Count Seventeen alleges importuning, in violation of R.C. 2907.07(B)(1), a third degree felony, as to A.E.M. Finally, Counts Eighteen and Nineteen charge illegal use of a minor in a nudity oriented material or performance, in violation of R.C. 2907.23(A)(1), each a second degree felony, as to K.E.C.

{¶3} Prior to the commencement of trial on October 20, 2015, Appellant indicated he wished to withdraw his prior plea of not guilty, and enter a plea of no contest to the

---

[1] A rendition of the underlying facts is unnecessary for resolution of this appeal.

charges. The trial court accepted the plea, found Appellant guilty of the charges as alleged in the amended indictment and entered a finding of guilt via Judgment Entry of October 22, 2015.

{¶4} The trial court conducted a sentencing hearing on November 30, 2015. Via Sentencing Entry of December 8, 2015, the trial court imposed sentence. The trial court ordered Appellant serve the following sentence:

{¶5} Count One: a stated prison term of four (4) years;

{¶6} Count Two: a stated prison term of four (4) years;

{¶7} Count Three: a stated prison term of four (4) years;

{¶8} Count Four: a stated prison term of four (4) years;

{¶9} Count Five: a stated prison term of four (4) years;

{¶10} Count Six: a stated prison term of four (4) years;

{¶11} Count Seven: a stated prison term of four (4) years;

{¶12} Count Eight: a stated prison term of four (4) years;

{¶13} Count Nine: a stated prison term of four (4) years;

{¶14} Count Ten: a stated prison term of four (4) years;

{¶15} Count Eleven: a stated prison term of four (4) years;

{¶16} Count Twelve: a stated prison term of four (4) years;

{¶17} Count Thirteen: a stated prison term of forty-eight (48) months;

{¶18} Count Fourteen: a stated prison term of forty-eight (48) months;

{¶19} Count Fifteen: a stated prison term of forty-eight (48) months;

{¶20} Count Sixteen: a stated prison term of forty-eight (48) months;

{¶21} Count Seventeen: a stated prison term of forty-eight (48) months;

**{¶22}** Count Eighteen: a stated prison term of four (4) years;

**{¶23}** Count Nineteen: a stated prison term of four (4) years.

**{¶24}** The trial court's entry reads,

Provided however, that the periods of incarceration imposed for Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine and Ten, shall be served concurrently with each other for a total of four (4) years; Counts Eleven and Twelve be served concurrently with each other for a total of four (4) years; Counts Eighteen and Nineteen be served concurrently with each other for a total of four (4) years. Counts Thirteen, Fourteen, Fifteen, Sixteen and Seventeen be served concurrently with each other, for a total of forty-eight (48) months. Provided, however, that the four (4) year sentenced imposed for Counts One through Ten; the four (4) year sentence imposed for Counts Eleven and Twelve; the forty-eight (48) month sentence imposed for Counts Thirteen, Fourteen, Fifteen, Sixteen and Seventeen; and the four (4) year sentence imposed for Counts Eighteen and Nineteen shall be served consecutively with each other for a total aggregate prison sentence of sixteen (16) years. (Emphasis in original.)

**{¶25}** Appellant appeals his sentence, assigning as error:

**{¶26}** "I. CONSECUTIVE TERMS WERE CONTRARY TO R.C. 2929.14(C)(4)."

**{¶27}** Appellant argues the trial court erred in imposing consecutive sentences as the state failed to show extraordinary harm necessary to support the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4)(b), which reads:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

* * *

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

* * *

**{¶28}** At the November 30, 2015 Sentencing Hearing, the trial court found,

The Court find [sic] that consecutive sentences are necessary in this case to protect the public from future crime and to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

Additionally, at least two or more of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed were so great or unusual that no single prison term for any of the offenses committed as part

of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

I think it's clear that you committed multiple offenses against multiple victims over a period of years. You built trust of the victims to allow yourself access to them for purposes of your own sexual gratification.

The fact that you constructed a concealed video camera and placed it in a bathroom used by the victims and recorded them at their most vulnerable establishes a course of conduct and harm that cannot adequately be addressed by a single prison term.

Tr. at 32-33.

**{¶29}** The trial court's December 8, 2015 Sentencing Entry orders the sentences grouped into terms of consecutive sentences. The trial court made the necessary findings pursuant to R.C. 2929.14(C)(4) in the entry.

**{¶30}** The crimes involved multiple victims; therefore, the harm caused to each victim was separate and apart from the harm caused to the other victims on each offense. The trial court specifically found the harm caused was so great or unusual no single prison term would reflect the seriousness of the conduct to the three victims.  Appellant was convicted of fourteen counts of illegal use of a minor in nudity oriented material or performance, involving three different victims. He was convicted of four counts of gross sexual imposition involving one victim, and of importuning involving the same victim as the minor victim involved in the charge of gross sexual imposition.

**{¶31}** We find the trial court made the necessary findings pursuant to R.C. 2929.14(C)(4), and the record supports the findings.

**{¶32}** Appellant's sole assignment of error is overruled.

**{¶33}** Appellant's sentence in the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Delaney, J. concur